ROBERT L. BLAND, JUDGE.
Claimant J. Otis Bowling seeks an award by way of compensation for losses sustained and suffered by him when a devastating fire, communicated from a steam shove-owned by the state road commission and operated by one of its employes, swept with terrific velocity over a boundary of one hundred and ten acres of land lying adjacent to and on the northern side of a portion of the state highway system, designated as state route 12. and known locally as Bluefield-Oakvale Cut Off. in Mercer county. West Virginia. The road commission denies claimant’s right to such an award.
On or about the third day of May. 19-10, the state road commission had occasion to move a steam shovel from a point where it had been operating to another point where it was to be placed upon a trailer and taken to a garage. One G. W. Burton, an employe of the commission, was the *90 operator in charge of the shovel. He was assisted by another employe by the name of J. I. Taylor. Preparatory to starting the steam shovel Mr. Burton fired it with wood and thereafter with coal. The vehicle moved slowly on its way. It was not equipped with a spark arrestor. It did have, however, a screen over the smokestack, insufficient, as the evidence shows, to prevent the emitting of fire from the smokestack. Shortly after the shovel passed the corner of the one hundred and ten acres of land owned by claimant, its driver looked back and discerned smoke on the bank above the road and on claimant’s premises. He called to his companion to see what could be done in order to extinguish what by that time proved to be fire. A high wind was prevailing and the fire made such headway that it soon spread over the entire area of claimant’s property. About seventy rods of rail fence and from fifty to fifty-five rods of barbed wire fence were quickly destroyed and rendered worthless. A vast number of growing young trees of various dimensions, suitable for staves and props were quickly consumed by the flames. Large trees, of recognized value, which had been felled were entirely destroyed. The fire was so intense and so rapid in its movement that it was out of the question to try to control it. Briefly, it may be said that the timber on the area of one hundred and ten acres was totally- destroyed and even the larger trees standing were so badly burned as to render them of inconsequential value. No one saw just how the fire originated, but the circumstantial evidence is so strong and overwhelming that there can be no doubt in the minds of the members of this court that it was caused by escaping sparks from the smokestack of the steam shovel, a fact which might not have occurred and probably would not have happened if the smokestack had been properly equipped with a spark arrestor and not a makeshift network hastily attached by the driver of the vehicle. Evidence was adduced tending to show that the value of the property destroyed would be about $40.00 per acre. Some acres, however, had fewer growing trees than other acres.
*91 Appraisement was made by claimant of the property and demand made upon the state road commissioner for compensation. The matter has been held in abeyance since 1943, until the claim was filed in this court on the twenty-third day of June 1917. No evidence was offered by the road commission to meet or overcome the strong and convincing proof offered by the claimant to support his claim and fix responsibility for the occurrence of the fire on respondent. It is true that what purported to be an affidavit made by the witness Burton was identified and offered for the court’s consideration. The contents of this affidavit could have no controlling influence upon the determination now made of the claim. Moreover, the witness Burton denied that he had ever signed the affidavit or sworn to the truth of its contents. An employe of the road commission testified that he was a notary public before whom the said witness, Burton, appeared and swore to the truth of the contents. He also testified that the affidavit was in his own handwriting and prepared upon the basis of information given him by Burton. Burton, on the contrary, positively and emphatically denied these statements. At the instance of the court he signed his name on a blank sheet of paper. There is no comparison between the signature appearing on the purported affidavit and the signature written by Burton for the inspection of the court. There are other differences that need not be further detailed. We are persuaded from the evidence in the case that the claim is meritorious and that it should be allowed. We are moreover of opinion that if the steam shovel had been properly and adequately equipped the fire would not have occurred and the property of claimant would not have been destroyed. It seems to us that under the circumstances it would be manifestly improper to deny claimant relief in the premises. He has established by ample and convincing proof a good case and we believe that it would be in the interest of the public welfare to make, what in our judgment is, an award reasonable in the premises. After due and careful consideration of all the growing trees, timber *92 and fences destroyed we find the loss sustained by claimant to be $1500.00.
An award is therefore made in favor of claimant J. Otis Bowling for the said sum of fifteen hundred dollars ($1500.00).